IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KEVIN BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | CV 03-J-1022-S |
| UNITED STATES STEEL | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

Pending before the court is defendant United States Steel Corporation's ("U.S. Steel" or "defendant") motion for summary judgment (doc. 19). The court has reviewed the motion and the parties' other submissions. Based upon this review, the court is of the opinion that the motion is due to be granted.

**I. Background**

Defendant hired plaintiff, who is black, as a staff associate on June 1, 2001. (Plaintiff Aff. ¶ 3; Ex. 5 to Def. Evidentiary Submission; Plaintiff Depo. at 43.) That same month defendant also hired Jason Regg ("Regg") as a staff associate and Chris

Harcrow ("Harcrow") as a management associate.[1] (Bennick Aff. ¶ 8.) Plaintiff received a favorable six month evaluation. (Plaintiff Aff. ¶ 6; Ex. 2 to Plaintiff's Brief.) In January 2002, plaintiff began supervising a crew of employees in the sheet finishing department. (Plaintiff Aff. ¶ 7; Bennick Aff. ¶ 10.)

In May 2002, Regg was promoted. Having learned of Regg's promotion and corresponding raise, plaintiff went into defendant's computer pay information screen and observed notations that he and Harcrow were slated to receive raises. (Plaintiff Aff. ¶ 9.) Plaintiff proceeded to inquire as to why he had not yet received a raise and discovered that he was no longer slated to receive a raise. (Plaintiff Aff. ¶¶ 8, 10, 12.) Then, in June 2002, Harcrow was promoted. Plaintiff again inquired as to why he had not received a raise. (Plaintiff Aff. ¶ 12.) Defendant cited the following incidents as the reason why plaintiff's potential raise was revoked: (1) on May 29, 2002, plaintiff received instruction to load out eight railroad cars and failed to do so (Coleman Aff. ¶ 6; Plaintiff Depo. at 111-13; Exs. 7 & 8 to Def. Evidentiary Submission); and (2) on June 1, 2002, plaintiff was observed sitting in the office while the production line he was responsible for supervising was not running

---

[1] A staff associate position is a higher level entry position available generally to a candidate who has a college degree plus other related work or military experience. By contrast, the management associate position is generally available to a candidate hired straight out of college without any work experience. Staff associates are normally paid a higher starting salary than management associates. (Bennick Aff. ¶ 6.)

(Plaintiff Aff. ¶¶ 13-16; Ex. 10 to Def. Evidentiary Submission). Evidence exists of other complaints regarding plaintiff's performance between June 2002, and November 2002.[2] (Exs. 14-16, 19-23 to Def. Evidentiary Submission.) In August 2002, plaintiff filed a charge of discrimination with the EEOC alleging disparate treatment based on defendant's failure to give plaintiff a raise. (Ex. 2 to Def. Evidentiary Submission; Plaintiff Aff. ¶ 19.) In February of 2003, plaintiff received a negative eighteen month evaluation of his performance. (Scheub Aff. ¶ 5; Ex. 26 to Def. Evidentiary Submission.)

On February 20, 2003, plaintiff found a packet of black pepper stuck in the door to his locker. (Plaintiff Aff. ¶ 24; Exs. 27 & 28 to Def. Evidentiary Submission.) Defendant responded by meeting with plaintiff to discuss the incident and meeting with other employees and informing them that conduct such as the pepper incident would not be tolerated. (Plaintiff Aff. ¶ 24; Exs. 28 & 29 to Def. Evidentiary Submission.) In June of 2003, plaintiff resigned from his position with defendant. (Plaintiff Aff. ¶ 25; Plaintiff Depo. at 24-5, 175.)

---

[2] Further evidence also exists indicating that a negative twelve month evaluation was completed but never presented to plaintiff during the employment relationship. (Ex. 12 to Def. Evidentiary Submission; Plaintiff Aff. ¶¶ 26-7.)

## II. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.*, 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-moving party to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed.

R. Civ. Pro. 56(e). In meeting this burden the non-moving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed. R. Civ. Pro. 56(c); *Matsushita*, 475 U.S. at 587. *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case...A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000), quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995). A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir. 1991).

### III. Legal Analysis

In his complaint, plaintiff alleges: (1) race discrimination in violation of Title VII and Section 1981 in that plaintiff was subjected to a hostile work environment or received disparate treatment; and (2) retaliation. Defendant argues that plaintiff

5

cannot establish a prima facie case of race discrimination and retaliation, or pretext. Plaintiff argues that summary judgment must be denied as to his disparate treatment racial discrimination and retaliation claims under Title VII. In response to defendant's motion for summary judgment, plaintiff did not assert a hostile evironment claim or claim under Section 1981 and, thus, has abandoned any such claims. *See Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 325 F.3d 1274, 1284 (11th Cir. 2003); *see also Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1322 (11th Cir. 2001). In addition, plaintiff did not assert a race discrimination claim with respect to the black pepper incident or the 2003 performance evaluation. Likewise, plaintiff did not assert the raise or the black pepper incident as retaliation claims. The court considers the two remaining claims presented by plaintiff: (1) plaintiff was discriminated against based on his race when he did not receive a raise; and (2) defendant gave plaintiff a negative 2003 evaluation in retaliation for plaintiff's filing a charge of discrimination with the EEOC.

For a prima facie case of disparate treatment, the plaintiff must show that (1) he is a member of a protected class; (2) he was subjected to an adverse employment action; (3) his employer treated similarly situated employees outside the protected class more favorably; and (4) he was qualified to do his job. *Knight v. Baptist Hosp. of Miami, Inc.*, 330 F.3d 1313, 1316 (11th Cir. 2003); *see EEOC v. Joe's Stone Crab,*

*Inc.*, 220 F.3d 1263, 1286 (11th Cir. 2000). Only element (3) is at issue.[3] Defendant contends that plaintiff has failed to show that a similarly situated employee outside the protected class was treated more favorably by defendant. Plaintiff cites to the following white employees: Jason Regg and Chris Harcrow. The evidence reveals that Regg and Harcrow started their employment with defendant around the same time and in similar positions as plaintiff. The evidence further reveals that Regg and Harcrow both received a raise by June, 2002 and plaintiff did not. However, there is no evidence to indicate Regg and Harcrow's performance levels.

The comparators' misconduct must be nearly identical to the plaintiff's in order to "prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges." *Maniccia v. Brown*, 171 F.3d 1364, 1368-69 (11th Cir. 1999); *see Abel v. Dubberly*, 210 F.3d 1334, 1339 (11th Cir. 2000). The only evidence presented indicates that Regg and Harcrow progressed faster than plaintiff. (Bennick Aff. ¶ 11; Coleman Aff. ¶ 5.) Plaintiff has not presented any evidence to contradict these affidavits. Plaintiff merely asserts that Regg and Harcrow received reprimands before receiving their raises, but admits he does not know any details regarding such alleged reprimands. (Plaintiff Depo. at 180-82.) Plaintiff cannot rely

---

[3] Defendant apparently concedes that the basis for plaintiff's disparate treatment claim - his failure to receive a raise - constitutes adverse employment action. Defendant's Reply Brief, at 2-3.

on mere allegations to survive summary judgment. Absent any showing that defendant treated similarly situated employees outside the protected class more favorably, plaintiff cannot establish a prima facie case of disparate treatment. Because plaintiff cannot meet his burden, summary judgment is due to be granted in defendant's favor. *See Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997) ("If a plaintiff fails to show the existence of a similarly situated employee, summary judgement is appropriate where no other evidence of discrimination is present.") .

To establish a prima facie case of retaliation, the plaintiff must show: (1) that he engaged in statutorily protected expression; (2) that he suffered an adverse employment action; and (3) that a causal connection exists between the two events. *Shannon v. BellSouth Telecommunciations, Inc.*, 292 F.3d 712, 715 (11th Cir. 2002); *Donnellon v. Fruehauf Corp.*, 794 F.2d 598, 600-601 (11th Cir. 1986). It is undisputed that the plaintiff engaged in statutorily protected expression when he filed a charge with the EEOC in August of 2002.

As for the second element, "[a] tangible employment action constitutes a *significant* change in employment status, such as hiring, firing, failing to promote, reassignment with *significantly* different responsibilities, or a decision causing a *significant* change in benefits." *Davis v. Town of Lake Park, Florida*, 245 F.3d 1232, 1239 (11th Cir. 2001) (quoting *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742,

760-61 (1998)) (emphasis in original). Plaintiff argues that he suffered an adverse employment action when a negative performance evaluation was performed in 2003. However, the Eleventh Circuit has pointed out that "criticisms of an employee's job performance–written or oral–that do not lead to tangible job consequences will rarely form a permissible predicate for a Title VII suit." *Davis*, 245 F.3d at 1241 (holding that negative job performance memoranda did not constitute adverse employment action). In fact, plaintiff cites to *Merriweather v. Alabama Dep't of Safety*, 17 F. Supp. 2d 1260 (M.D. Ala. 1998) (holding that written counseling did not constitute adverse employment action), for the proposition that "[u]nfair, negative employment ratings which are *the basis for and coupled with* adverse employment actions such as removal of job responsibilities, demotion, transfer, or termination of employment are sufficient to satisfy the adverse employment action requirement of the Plaintiff's prima facie case of retaliation." (Plaintiff's Brief, at 22 (emphasis added).) However, the plaintiff does not cite this court to any adverse employment action for which his negative evaluation was the "basis" and with which it was "coupled." Because plaintiff cannot establish a prima facie case of retaliation, summary judgment is due to be granted in defendant's favor.

## IV. Conclusion

Having considered all of the evidence submitted by the parties, the court finds that the plaintiff fails in his burden to show evidence sufficient to survive the defendant's motion for summary judgment. The court finds that, as a matter of law, the evidence is such that a reasonable jury could not return a verdict for the nonmoving party. *See Anderson*, 477 U.S. at 248.

Based upon the foregoing, defendant's motion for summary judgment (doc. 19) is **GRANTED**. Plaintiff's claims against the defendant shall be **DISMISSED WITH PREJUDICE** by separate order.

**DONE** and **ORDERED** this the 26 day of February, 2004.

Inge P. Johnson
U.S. District Judge